## JANUARY 16, 1978

No. 77–422. NATIONAL EDUCATION ASSN. ET AL. v. SOUTH CAROLINA ET AL.; and

No. 77–543. UNITED STATES v. SOUTH CAROLINA ET AL. Affirmed on appeal from D. C. S. C. MR. JUSTICE MARSHALL and MR. JUSTICE BLACKMUN took no part in the consideration or decision of these appeals. Reported below: 445 F. Supp. 1094.

MR. JUSTICE WHITE, with whom MR. JUSTICE BRENNAN joins, dissenting.

For many years, South Carolina has used the National Teachers' Examinations (NTE) in hiring and classifying teachers, despite the advice of its authors that it should not be used as the State uses it and despite the fact that it serves to disqualify a greater proportion of black applicants than white and to place a greater percentage of black teachers in

lower paying classifications. For example, the new test score requirements contained in the 1976 revision of the State's plan will disqualify 83% of black applicants, but only 17.5% of white applicants; and 96% of the newly certified candidates permitted to teach will be white teachers.

This litigation began when the United States brought suit challenging the use of the NTE under both the Constitution and Title VII of the Civil Rights Act of 1964. The District Court upheld the State's use of the test and rejected both claims. Not only had plaintiffs failed to prove a racially discriminatory purpose in the State's uses of the NTE but, in the view of the District Court, the State had carried its burden of justifying the test despite its disparate racial impact.

The State's evidence in this regard consisted of a validation study prepared by the authors of the test at the request of the State. The District Court deemed the study sufficient to validate the NTE, even though the validation was not in relation to job performance and showed at best that the test measured the familiarity of the candidate with the content of certain teacher training courses.

*Washington* v. *Davis,* 426 U. S. 229 (1976), was thought by the District Court to have warranted validating the test in terms of the applicant's training rather than against job requirements; but *Washington* v. *Davis,* in this respect, held only that the test there involved, which sought to ascertain whether the applicant had the minimum communication skills necessary to understand the offerings in a police training course, could be used to measure eligibility to enter that program. The case did not hold that a training course, the completion of which is required for employment, need not itself be validated in terms of job relatedness. Nor did it hold that a test that a job applicant must pass and that is designed to indicate his mastery of the materials or skills taught in the training course can be validated without reference to the job. Tests supposedly measuring an applicant's qualifications for employment, if they have differential racial impact,

must bear some "manifest relationship to the employment in question," *Griggs* v. *Duke Power Co.,* 401 U. S. 424, 432 (1971), and it is insufficient for the employer "to demonstrate some rational basis for the challenged practices." *Washington* v. *Davis, supra,* at 247.

The District Court here held that no other measures would satisfy the State's interest in obtaining qualified teachers and paying them fairly. But only two other States use the NTE for initial certification and South Carolina is the *only* State which uses the NTE in determining pay. Furthermore, the authors of the test themselves advise against using it for determining the pay for experienced teachers and believe that the NTE should not be the sole criterion for initial certification.

The question here is not merely whether the District Court, applying correct legal standards, reached the correct conclusion on the record before it, but whether the court was legally correct in holding that the NTE need not be validated against job performance and that the validation requirement was satisfied by a study which demonstrated only that a trained person could pass the test.

I therefore dissent from the Court's summary affirmance and would set the case for oral argument.