581 F.2d 791
 19 Fair Empl.Prac.Cas. 406, 18 Empl. Prac.
Dec. P 8706
UNITED STATES of America, Plaintiff-Appellant,
v.
BOARD OF EDUCATION OF the GARFIELD HEIGHTS CITY SCHOOL
DISTRICT and James A. Harper, Superintendent,
Defendants-Appellees.
 No. 77-3012.
 United States Court of Appeals,
Sixth Circuit.
 Aug. 7, 1978.
 
 Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, Edward H. Levi, Atty. Gen. of U. S., Judith E. Wolf, Appellate Sect., Civil Rights Div., Dept. of Justice, Washington, D. C., for plaintiff-appellant.
 John F. Lewis, John T. Meredith, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendants-appellees.
 ORDER
 Before EDWARDS, ENGEL and MERRITT, Circuit Judges.
 
 ORDER
 
 1
 The issue presented by this appeal is whether the Attorney General has the authority to bring pattern or practice equal employment suits under Title VII of the 1964 Civil Rights Act against public employers in the absence of a referral of the case by the Equal Employment Opportunity Commission to the Attorney General for the institution of suit.
 
 
 2
 Prior to the 1972 Civil Rights Act amendment, the Attorney General had independent authority to bring equal employment cases against private employers under Title VII of the 1964 Civil Rights Act without a referral from the EEOC. Prior to the 1972 amendments, neither the Attorney General nor the EEOC had authority over public employers. The 1972 Civil Rights Amendment transferred much of the Attorney General's authority under Title VII to the EEOC and conditioned the institution of pattern or practice cases against private employers on a referral from the EEOC. At the same time the 1972 amendments gave the EEOC investigatory and conciliation authority in connection with Title VII equal employment cases involving public or governmental employers.
 
 
 3
 The 1972 amendments are unclear and ambiguous with respect to the question whether the Attorney General obtained Independent pattern or practice authority under Title VII against public employers while losing such authority in the case of private employers.
 
 
 4
 We conclude that this question of statutory interpretation should be resolved against the position of the Attorney General that he has independent pattern or practice authority against public employers in the absence of a referral from the EEOC for the reasons set out by District Judge Thomas in his Memorandum Opinion filed October 4, 1976, 435 F.Supp. 949 (1976) and for the reasons set out in the Opinion of the three judge District Court in the case of United States v. State of South Carolina, 445 F.Supp. 1094, 1110-11 (D.So.Car.1977). This conclusion is buttressed by the action of the Supreme Court in summarily affirming on appeal the decision of the three judge District Court in South Carolina, 434 U.S. 1026, 98 S.Ct. 756, 54 L.Ed.2d 775 (1978). While the question is not entirely free from doubt, we believe that the Supreme Court necessarily affirmed the conclusion of the three judge District Court in South Carolina that the Attorney General's former independent pattern or practice authority under Title VII of the 1964 Civil Rights Act, including his new authority to bring such suits against public employers granted by the 1972 amendments thereto, did not survive the 1972 amendments and that referral by the EEOC to the Attorney General is necessary prior to the institution of such suits.
 
 
 5
 Accordingly, the judgment of the District Court is hereby affirmed.
 
 
 6
 EDWARDS, Circuit Judge, dissenting.
 
 
 7
 Recognizing the strength of the argument made by the majority of the court, I am nonetheless persuaded that the subsequent adoption by Congress of President Carter's Plan to Consolidate Federal Equal Employment Opportunity Activities (by Reorganization Plan No. 1 of 1978) and its legislative history tips the balance of this closely disputed issue in the direction of plaintiff-appellant. For example, the Senate Report on the Reorganization Plan said as follows:
 
 
 8
 The 1972 amendments to the Civil Rights Act of 1964 amended the existing provision in the 1964 law regarding the Attorney General's authority to bring suits charging a "pattern or practice" of discrimination. That authority, which had been vested exclusively with the Attorney General, was to be shared with the EEOC for 2 years and thereafter transferred (effective March 24, 1974) to the EEOC except where the defendant is a State or Local Government. The Department of Justice was to retain jurisdiction to institute pattern or practice suits under title VII against State and Local Government employers subject to the Civil Rights Act.
 
 
 9
 However, subsequently the courts held that this residuum to the Justice Department relating to pattern or practice suits is dependent upon referral by the EEOC after that agency completes the same procedures specified by the Civil Rights Act for processing charges of discrimination in the private sector.
 
 
 10
 See also H.R.Rep. No. 95-1069, 95th Cong., 2d Sess. 8 (1978).
 
 
 11
 Recognizing also that it is rarely appropriate to rely upon a subsequent Congress to interpret what a preceding Congress has done, particularly when, as here, the Supreme Court by summary affirmance has adopted another view, nonetheless, I am persuaded that the previously disputed issues are directly interpreted by the subsequent history and that the Supreme Court would so find if a full record, including the President's Reorganization Plan No. 1 of 1978 and its adoption by Congress, were presented.
 
 
 12
 For these reasons, I respectfully dissent.