Melanie ZENTGRAF, Plaintiff,

The United States of America, Plaintiff-Intervenor,

v.

TEXAS A & M UNIVERSITY et al., Defendants.

Civ. A. No. H–79–943.

United States District Court, S. D. Texas, Houston Division.

June 4, 1980.

Nelkin & Nelkin, Carol Nelkin, Houston, Tex., for plaintiff.

U. S. Dept. of Justice, Craig M. Crenshaw, Jr., Washington, D. C., for plaintiff-intervenor.

Lonny F. Zwiener and Barbara C. Marquardt, Austin, Tex., for defendants.

## MEMORANDUM AND ORDER:

STERLING, District Judge.

Presently pending before the Court are Defendants' motion to dismiss Plaintiff's complaint and Defendants' motion to dismiss Plaintiff-Intervenor's complaint. Fed.R.Civ.P. 12(b)(1), (6) and (7). The motions to dismiss are opposed. Pursuant to the Court's order of November 26, 1979, and in conformity with the notice of dismissal filed by Plaintiff, Colonel James R. Woodall was dismissed from this action.

Plaintiff has brought this sex discrimination action against Texas A & M University, the President of the University, the Vice President of Student Services and the Cadet Colonel of the Corps of Cadets under the Fourteenth Amendment of the United States Constitution, 20 U.S.C. § 1681 and 42 U.S.C. §§ 1983, 1985 and 1986. Moreover, Plaintiff seeks to invoke the pendent jurisdiction of the Court to redress deprivation of rights secured by Article I, § 3a of the Constitution of the State of Texas.

The United States has intervened in this action under the authority of section 902 of the Civil Rights Act of 1964, 42 U.S.C. § 2000h–2. The complaint in intervention seeks relief under the Fourteenth Amendment to the United States Constitution, 20 U.S.C. § 1681, et seq., 42 U.S.C. § 1983, 10 U.S.C. § 2102, and 28 U.S.C. §§ 2201 and 2202. Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1331, 1343 and 1345.

Plaintiff, an adult female citizen of the United States and a cadet in the Corps of Cadets of Texas A & M University has brought this action on her own behalf and on behalf of all others similarly situated, pursuant to Rule 23(b)(2) of the Fed.R.Civ.P. The class which Plaintiff claims to represent consists of women who are, have been, or have applied to be or may apply to be members of the Corps of Cadets. Plaintiff alleges that Defendants have violated federal and state statutory and constitutional provisions by excluding women, on the basis of sex, from participation in organizations affiliated with the Corps of Cadets of Texas A & M University. Furthermore, Plaintiff maintains that Defendants have declined to implement non-discriminatory policies towards women and that Defendants have perpetuated discriminatory practices and encouraged harassment of the female members of the Corps of Cadets.

Plaintiff and Plaintiff-Intervenor [hereinafter Plaintiffs] seek to invoke 20 U.S.C. § 1681 which provides that no person in the United States shall, on the basis of sex, be excluded from, or subject to discrimination under any educational program or activities receiving federal financial assistance. The Supreme Court in its recent decision in *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), established that an individual may pursue a private cause of action under 20 U.S.C. § 1681. In pursuing a private action, individual plaintiffs are not required to exhaust their administrative remedies before filing suit. *Cannon v. University of Chicago, supra*, at 706–08 n. 41, 99 S.Ct., at 1962–63 n. 41.

Defendants assert that Plaintiffs have no cause of action under 20 U.S.C. § 1681, as subsection (a)(4) of the statute establishes an exemption for any educational institution with the primary purpose of training individuals for the military services of the United States. 20 U.S.C. § 1681(a)(4). The

statute provides that in instances where an institution is composed of more than one school, college, or department, which are administratively separate units, each such unit is considered to be an educational institution. 20 U.S.C. § 1681(c).

To qualify for exemption under § 1681(a)(4) the Corps of Cadets of Texas A & M University must meet the following prerequisites: (1) the Corps must qualify, pursuant to § 1681(c), as an "educational institution" within the University; and (2) the Corps must have the primary purpose of training individuals for the military services of the United States.

Defendants have submitted additional information in support of their motions to dismiss Plaintiffs' claims under 20 U.S.C. § 1681. The Court interprets Defendants' motions to dismiss Plaintiffs' claims under § 1681 as motions for partial summary judgment. Fed.R.Civ.P. 56. Accordingly, the Court will grant all parties an additional 45 days to submit "all material made pertinent to such motion by Rule 56." Fed. R.Civ.P. 12(b).

■ Plaintiff-Intervenor has attempted to state a claim under section 809 of Public Law 95–485, 10 U.S.C. § 2102, which directs the Secretary of Defense to require that any "military college" shall, as a condition of remaining designated as a "military college," "provide that qualified female undergraduate students enrolled in such college or university be eligible to participate in military training at such college or university . . . ." Further, the statute provides that the Secretary of Defense shall prescribe such regulations as he determines to be appropriate or necessary to carry out the provisions of the statute. Plaintiff has not sought relief under 10 U.S.C. § 2102.

Defendants assert that 10 U.S.C. § 2102 does not confer on Plaintiff-Intervenor the right to complain of alleged sex discrimination in the Corps of Cadets at Texas A & M University because said statute at most permits the Secretary of Defense to withdraw the designation of "military college" from an educational institution, conferring no powers upon the United States Justice Department in this case. Plaintiff-Intervenor urges that it has standing under the United States' general authority to sue to enforce the terms and conditions of its contracts. *Cotton v. United States*, 52 U.S. (11 Howard) 229, 231, 13 L.Ed. 675 (1850). The Court, after examining and considering the statute, its legislative history and the regulations promulgated under it, has concluded that the statute does not expressly or implicitly authorize Plaintiff-Intervenor's claim. Also, the language of the statute does not confer a right upon Plaintiff or her class. The statute is a directive to the Secretary of Defense.

■ The Court is of the opinion that Plaintiff-Intervenor's contract theory for standing falls within the principle adopted by the Fifth Circuit in *United States v. Madison County Board of Education*, 326 F.2d 237 (5th Cir.), *cert. denied*, 379 U.S. 929, 85 S.Ct. 324, 13 L.Ed.2d 341 (1964):

> "A general liability created by statute without a remedy may be enforced by an appropriate common-law action. But where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone must be employed."

326 F.2d at 242, quoting *Pollard v. Bailey*, 87 U.S. (20 Wallace) 520, 527, 22 L.Ed. 376 (1874); *see, Bossier Parish School Board v. Lemon*, 370 F.2d 847, 852 (5th Cir.), *cert. denied*, 388 U.S. 911, 87 S.Ct. 2116, 18 L.Ed.2d 1350 (1967). Further, the regulations promulgated under 10 U.S.C. § 2102, while *providing for the enrollment of fe*male cadets, only require that the host institution not discriminate "with respect to admission to the institution or subsequent treatment of students on the basis of race, color, or national origin." 44 Fed.Reg. 51220, 51222 (to be codified in 32 C.F.R. §§ 562, 562.7(a)(6) effective date January 22, 1979). Prior regulations required similar written assurances of non-discrimination on the basis of race, color or national origin. 32 C.F.R. §§ 562, 562.13 and 562.15 (1979). Assurances entered into under these regulations are without reference to sex discrimination and provide no basis for specific

enforcement. Consequently, Defendants' motion to dismiss Plaintiff-Intervenor's claim under 10 U.S.C. § 2102 is GRANTED.

With regard to Plaintiffs' claims of denial of equal protection under the Fourteenth Amendment of the United States Constitution, Movants maintain that there is no substantive constitutionally protected right to participate in student organizations. The Movants analogize the alleged sex based discrimination in student organizations with sex based hair length regulations in public high schools. The Court is of the opinion that the analogy is entirely inapt.

Movants seek support for their position in the Fifth Circuit case of *Karr v. Schmidt*, 460 F.2d 609 (5th Cir.), *cert. denied*, 409 U.S. 989, 93 S.Ct. 307, 34 L.Ed.2d 256 (1972), wherein the Court concluded that sex based grooming regulations are not denials of equal protection unless they are arbitrary and unreasonable. The Court in *Karr* determined that sex based high school grooming regulations do not impinge upon a fundamental right and create no suspect classification. In a footnote to the opinion the Court stated that federal courts would still be permitted to entertain actions alleging discriminatory enforcement of grooming regulations. 460 F.2d at 617 n. 26. However, the Fifth Circuit in *Lansdale v. Tyler Junior College*, 470 F.2d 659 (5th Cir. 1972), *cert. denied*, 411 U.S. 986, 93 S.Ct. 2268, 36 L.Ed.2d 964 (1973), determined that sex based hair regulations at the college level are generally unreasonable restraints of personal liberty violative of the Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution.

■■ Defendants' argument misses the mark in that it is well established that gender based classifications are subject to judicial scrutiny under the equal protection clause. *Craig v. Boren*, 429 U.S. 190, 197, 97 S.Ct. 451, 456, 50 L.Ed.2d 397 (1976); *Reed v. Reed*, 404 U.S. 71, 75, 92 S.Ct. 251, 253, 30 L.Ed.2d 225 (1971). Differentiations made by the state between individuals similarly situated must be reasonable and non-arbitrary. *Reed v. Reed, supra*, 404 U.S., at 76, 92 S.Ct., at 254.

■ Women have been admitted to the Corps of Cadets of Texas A & M University and are therefore similarly situated with the male cadets. Plaintiffs maintain that female cadets are excluded on the basis of their sex from participation in certain groups and organizations affiliated with the Corps of Cadets and Texas A & M University. Plaintiffs have stated the essential elements of a complaint alleging denial of equal protection; that persons or groups similarly situated have been treated differently and that the disparate treatment by the state is unreasonable, arbitrary or based on some invidious classification such as race. *Davis v. Georgia State Board of Education*, 408 F.2d 1014, 1015 (5th Cir. 1969); *Zayre of Georgia, Inc. v. City of Marietta*, 416 F.2d 251, 254 (5th Cir. 1969), *cert. denied,* 397 U.S. 918, 90 S.Ct. 925, 25 L.Ed.2d 99 (1970). *See, Bossier Parish School Board v. Lemon*, 370 F.2d 847, 852 (5th Cir.), *cert. denied*, 388 U.S. 911, 87 S.Ct. 2116, 18 L.Ed.2d 1350 (1967).

■ In Order for Plaintiffs to establish a violation of the Equal Protection clause by reason of a failure to enforce a statute or regulation or unequal enforcement thereof, there must be a showing that the discrimination of the Defendants was intentional or purposeful. *See, Snowden v. Hughes*, 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1943); *Whitney Stores, Inc. v. Summerford*, 280 F.Supp. 406, 411 (D.S.C.), *aff'd* 393 U.S. 9, 89 S.Ct. 44, 21 L.Ed.2d 9 (1968). The entire tenor of Plaintiffs' complaints is that the Defendants, though possessing knowledge of the alleged discrimination, have intentionally declined to remedy the situation. The Court is of the opinion that Plaintiffs have stated claims cognizable under the Equal Protection clause of the Fourteenth Amendment and therefore Defendants' motions as to said claims are DENIED.

■ The Equal Protection clause of the Fourteenth Amendment is not self-enforcing but requires application through some legislative act. *Katzenbach v. Morgan*, 384

U.S. 641, 649, 86 S.Ct. 1717, 1722, 16 L.Ed.2d 828 (1966); *Ex parte Virginia*, 100 U.S. 339, 345, 25 L.Ed. 676 (1880). Plaintiff's complaint seeks enforcement through 42 U.S.C. §§ 1983, 1985 and 1986. Plaintiff-Intervenor seeks enforcement through 42 U.S.C. § 1983. The Defendants assert that Plaintiffs have no cause of action against Texas A & M University under 42 U.S.C. § 1983. Defendants maintain that Texas A & M University is an entity so closely related to the state that the state is the real party in interest, and that consequently the University is not a "person" within the ambit of 42 U.S.C. § 1983.

■■■■ In the recent case of *Gay Student Services v. Texas A & M University*, 612 F.2d 160 (5th Cir. 1980), the Fifth Circuit determined that Texas A & M University is a "person" within the meaning of § 1983. However, the Court in *Gay Student Services* pretermitted the issue of whether Texas A & M University is entitled to Eleventh Amendment immunity. *Id.* at 163, 164–65. It is clear that an entity can be a "person" within the ambit of § 1983 and still be immune under the Eleventh Amendment to suits for monetary relief. *Id.* at 163 n. 3. The Eleventh Amendment prohibits suits for monetary relief by private parties in federal court against a state and its agencies, unless the state has consented thereto. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3058, 57 L.Ed.2d 1114 (1978); *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). The Supreme Court has construed the Eleventh Amendment as barring suits under § 1983 against entities and officials so closely affiliated with the state as to make the state the real party in interest. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh, supra*, 438 U.S., at 782, 98 S.Ct., at 3058; *Edelman v. Jordan, supra*, 415 U.S., at 663–64, 94 S.Ct., at 1355–56; *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Where it is apparent that the state is the real defendant in interest to a suit and that any monetary award against a state official would be satisfied by state funds, the suit is barred by the Eleventh Amendment. *See, Quern v. Jordan, supra; Edelman v. Jordan, supra; Jagnandan v. Giles*, 538 F.2d 1166 (5th Cir. 1976), *cert. denied*, 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083 (1977).

■■ In order to ascertain whether the state is the real party in interest the Fifth Circuit has determined that it is necessary to examine the legal relationship between the state and the entity in question. *See, Jagnandan v. Giles, supra; Hander v. San Jacinto Junior College*, 519 F.2d 273 (5th Cir.), *clarified*, 522 F.2d 204 (5th Cir. 1975). An analysis of Texas statutes creating and governing Texas A & M University and appropriate case law convinces the Court that a suit against the University or its officials for monetary relief is a suit against the state and thereby barred by the Eleventh Amendment. *Jagnandan v. Giles, supra; Prostrollo v. University of South Dakota*, 507 F.2d 775 (8th Cir. 1974), *cert. denied*, 421 U.S. 952, 95 S.Ct. 1687, 44 L.Ed.2d 106 (1975); *Henry v. Texas Tech University*, 466 F.Supp. 141 (N.D.Tex.1979); *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976); *Lyons v. Texas A & M University*, 545 S.W.2d 56 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.); Tex.Const. art. VII, §§ 11, 13 and 18; Tex.Educ.Code Ann. § 85.01 *et seq.* and 86.01 *et seq.* (Vernon 1972 & Supp.1979).

The Texas legislature created Texas A & M University in 1871 and named it the Agricultural and Mechanical College of Texas. The University was made and constituted a branch of the University of Texas by the Texas Constitution of 1876. Tex. Const. art. VII, § 13. In 1963 the legislature changed the name of the University to Texas A & M University. The statutes authorizing the operation of the University and providing for its governance are codified at Tex.Educ.Code Ann. §§ 85.01 *et seq.* and 86.01 *et seq.* (Vernon 1972 & Supp. 1979). The University is governed by a board of nine regents appointed by the governor with the advice and consent of the senate. Tex.Educ.Code Ann. § 85.11 (Vernon 1972 & Supp.1979). The board of re-

gents is vested with the power of eminent domain. *Id.* at § 86.19. The funds used for permanent improvements come from the Permanent University Fund. Tex.Const. art. VII, §§ 11 and 18. The University's operating expenses are paid by legislative appropriations. In light of the above, the Court is persuaded that Texas A & M University is an *alter ego* of the State of Texas.

With regard to the individual Defendants, the State of Texas is liable for all actual damages, court costs and attorney's fees adjudged against officers or employees of any institution of the state where the damages are based on an act or omission by the person in the course and scope of his office or employment for the institution. Tex.Rev.Civ.Stat.Ann. art. 6252–26, § 1(a)(2) (Vernon 1972 & Supp.1979).

Plaintiff-Intervenor asserts that the State of Texas has waived its immunity to suit under art. I, § 3a of the Texas Constitution. Article I, § 3a provides that "[e]quality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin." The amendment is self-operative. It is clear that "under the law" within the purview of the amendment covers all actions of governmental entities. *See, e. g., Lincoln v. Mid-Cities Pee Wee Football Association,* 576 S.W.2d 922, 925 (Tex.Civ.App.—Fort Worth [2d Dist.] 1979). However, waiver of the state's constitutional immunity must appear as a clear declaration and will not lightly be inferred. *See, Edelman v. Jordan, supra,* 415 U.S., at 678, 94 S.Ct., at 1363; *Jagnandan v. Giles, supra,* at 1177. Waiver will only be found where the language of the text is express or the inference overwhelming. *Edelman v. Jordan, supra,* 415 U.S., at 678–79, 94 S.Ct., at 1363. The language of Article I, § 3a does not expressly or impliedly subject the state to monetary recovery.

Of course, Plaintiff-Intervenor's cause of action is unaffected by the Eleventh Amendment. *See, e. g., United States v. Texas,* 143 U.S. 621, 642–43, 12 S.Ct. 488, 492, 36 L.Ed. 285 (1892); *United States v. South Carolina,* 445 F.Supp. 1094, 1099 (D.S. C.), *aff'd,* 434 U.S. 1026, 98 S.Ct. 756, 54

L.Ed.2d 775 (1978). Accordingly, Defendants' motion to dismiss Plaintiff's claim for monetary relief, under 42 U.S.C. § 1983, against Texas A & M University and the individual Defendants in their official capacities, is hereby GRANTED and Defendants' motion to dismiss Plaintiff-Intervenor's claim under § 1983, is hereby DENIED.

Defendants further maintain that the individually named Defendants are mere nominal parties whose individual conduct is not the essence of the complaint. Therefore, jurisdiction may not be sustained against the Defendants under 42 U.S.C. §§ 1983, 1985 and 1986.

The misconduct of individual officials can lead to personal liability for damages under §§ 1983 and 1985. *Wood v. Strickland,* 420 U.S. 308, 323, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975); *Sapp v. Renfroe,* 511 F.2d 172, 176 (5th Cir. 1975). *See, Jagnandan v. Giles, supra.* A Plaintiff, to establish personal liability, must demonstrate that the official in question knew or should have known that the actions taken in his official capacity would violate the Plaintiff's constitutional rights, or that the action was taken with malicious intention to so deprive or inflict other injury. *Wood v. Strickland, supra,* 420 U.S., at 323, 95 S.Ct., at 1001; *Sapp v. Renfroe, supra,* at 176. It can not be determined, on the basis of the present record, whether the individual Defendants are actually nominal parties.

With respect to Plaintiff's claims of conspiracy under §§ 1985 and 1986 there is a complete lack of factual detail. The complaint does not define the nature of the alleged conspiracy or demonstrate how the individual Defendants participated therein. The Plaintiff's allegation of conspiracy is conclusory and can not, absent supporting material facts, survive a motion to dismiss. *Sparks v. Duval County Ranch Co., Inc.,* 604 F.2d 976 (5th Cir. 1979); *Slotnick v. Staviskey,* 560 F.2d 31 (1st Cir. 1977), *cert. denied,* 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978). Moreover, the Court is of the opinion that the University

and its officials constitute a single legal entity which can not conspire with itself in violation of § 1985. *Chambliss v. Foote,* 421 F.Supp. 12, 15 (E.D.La.1976), *aff'd,* 562 F.2d 1015 (5th Cir. 1977), *cert. denied,* 439 U.S. 839, 99 S.Ct. 127, 58 L.Ed.2d 137 (1978); *Rubenstein v. University of Wisconsin Board of Regents,* 422 F.Supp. 61, 64 (E.D. Wis.1976); *Cole v. University of Hartford,* 391 F.Supp. 888 (D.Conn.1973). Plaintiff's failure to state a claim under § 1985, precludes a cause of action under § 1986. *Hamilton v. Chaffin,* 506 F.2d 904, 913 (5th Cir. 1975); *Dowsey v. Wilkins,* 467 F.2d 1022 (5th Cir. 1972). Accordingly, the motion to dismiss Plaintiff's claims under §§ 1985 and 1986 is GRANTED.

Finally, Defendants urge that Plaintiffs' complaints be dismissed for failure to join an indispensable party. Defendants assert that Colonel James R. Woodall is an indispensable party to this action. They maintain that, under federal regulations, only Colonel Woodall as Commandant of Cadets can order the relief that Plaintiffs request and that he is the only person against whom a claim for damages can run. Federal regulations affecting ROTC programs clearly establish that the Commandant of an ROTC unit is responsible to the authorities of the host institution for conducting the program in accordance with institutional rules, regulations and customs. 32 C.F.R. § 562.4(e). Moreover, the Commandant and the head of the host institution draft the rules relating to the administration, control and training of the ROTC unit. *Id.* With regard to institutional matters, the head of the institution exercises the same control over the department of military science as he does over the other departments of the institution. 32 C.F.R. § 562.5.

The Court is of the opinion that Colonel Woodall is not an indispensable party to this action and that complete relief can be fashioned in his absence. Accordingly, Defendants' motions to dismiss are DENIED.