**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 17 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

ANGELA MORSE and STACY
HANDLEY,

      Plaintiffs - Appellants,

v.

REGENTS OF THE UNIVERSITY OF
COLORADO,

      Defendant - Appellee.

No. 96-1555

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 96-N-1743)

_____

**Submitted on the briefs:**[*]

L. Dan Rector of Norton Frickey & Associates, Colorado Springs, Colorado, for
Plaintiffs-Appellants.

Stephen Zweck-Bronner, University of Colorado, Denver, Colorado, for
Defendant-Appellee.

_____

Before **BRORBY**, **McKAY**, and **HENRY**, Circuit Judges.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore
ordered submitted without oral argument.

_____

**McKAY**, Circuit Judge.

_____

Plaintiffs, Ms. Angela Morse and Ms. Stacy Handley, filed an action against Defendants, the Regents of the University of Colorado [University], a recipient of Title IX federal funding, claiming that while they were enrolled as students in the University of Colorado's Reserve Officer Training Corps [ROTC] program they were subjected to acts of gender bias and harassment which created a sexually hostile educational environment. They allege that the acts creating a sexually hostile environment were committed by a fellow student who acted in his capacity as a higher-ranking cadet in the ROTC program. Plaintiffs also allege that when they reported the harassment to a superior ROTC officer he retaliated against them by denying them further opportunities in the ROTC program, and by subjecting them to other acts of sexual harassment. Plaintiffs assert that they reported the harassment to University representatives and that the University did not adequately respond to the allegations of harassment.

Plaintiffs assert that the facts alleged establish valid claims against the University for violation of Title IX of the Educational Amendments of 1972, codified at 20 U.S.C. §§ 1681-1688. They also claim that the University denied

their due process rights in violation of 42 U.S.C. § 1983, conspired to deny Plaintiffs' civil rights in violation of 42 U.S.C. § 1985, and violated state law by breaching University equal-employment and affirmative-action policies.

The University replied to Plaintiffs' complaint with a motion to dismiss, arguing that it is not liable for the acts of members of the ROTC because they are not agents of the University, i.e., the University does not exercise control over them. See Appellee's Br. at 9. Plaintiffs filed a brief in response to the motion to dismiss, attaching affidavits and other documents to support their contention that the University was liable for the harassment. See Appellants' App. at 9. The district court granted the University's motion to dismiss the Title IX claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the failure to state a claim upon which relief can be granted, and denied Plaintiffs' motion to amend their complaint to include the United States Department of the Army as a defendant. See id. at 136-42. The district court dismissed the state breach-of-policy claim and the section 1983 claim for lack of jurisdiction based on Eleventh Amendment immunity. See id. at 141-42. The district court dismissed Plaintiffs' section 1985 claim because the University is not considered a "person" for the purposes of that section. See id. at 142.

We review the grant of a motion to dismiss for failure to state a claim *de novo*. See Seamons v. Snow, 84 F.3d 1226, 1231 (10th Cir. 1996). In reviewing

a decision on a motion to dismiss, we accept the factual allegations in the complaint as true and we resolve all reasonable inferences in the plaintiff's favor. See id. at 1231-32. The Federal Rules of Civil Procedure require only that the pleadings give a defendant notice of the nature of the claims against him. See Lessman v. McCormick, 591 F.2d 605, 611 (10th Cir. 1979); accord Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 724 (6th Cir. 1996). Dismissal under Rule 12(b)(6) is a "harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1359 (10th Cir. 1989) (internal quotation marks and citation omitted). Dismissal for failure to state a claim is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The district court analyzed Plaintiffs' Title IX claim under the test stated by this court in Seamons v. Snow. Seamons held that to state a Title IX claim, a plaintiff must establish:

> (1) that [s]he is a member of a protected group; (2) that [s]he was subject to unwelcome harassment; (3) that the harassment was based on sex; (4) that the sexual harassment was sufficiently severe or pervasive so as unreasonably to alter the conditions of [her] education and create an abusive educational environment; and (5) that some basis for institutional liability has been established.

See 84 F.3d at 1232. In dismissing Plaintiffs' Title IX action, the district court

adopted the view that institutional liability under Title IX is governed by agency principles. The district court dismissed the claim because it concluded that Plaintiffs had not alleged facts showing how members of the ROTC program were agents of the University, and it believed that any such allegation "would likely be inaccurate." Appellants' App. at 139.

In its order dismissing the case, the district court does not mention the documents submitted by Plaintiffs to support their assertion that the University is liable for their harm. Although the district court did not explicitly exclude the affidavits and documents, it appears that the court did not consider them in reaching its decision. If, in the process of reaching its decision, the court did consider the University's contention that it had no authority over the alleged harassers, the court should also have examined the documents filed by Plaintiffs in response to that argument. Because the district court clearly ignored Plaintiffs' responsive documents and decided the case pursuant to Rule 12(b)(6) rather than converting the University's motion into a Rule 56 motion, we limit our review to an examination of the pleadings, and the reasonable inferences to be drawn therefrom, to determine if they have stated a cause of action under Title IX. See Childers v. Independent Sch. Dist. No. 1, 676 F.2d 1338, 1340 (10th Cir. 1982).

The Supreme Court clarified Title IX law in Gebser v. Lago Vista Independent School District, ____ U.S. ____, 118 S. Ct. 1989 (1998). Gebser

clearly rejects the theories of vicarious liability and agency liability as bases for institutional liability in Title IX teacher-student sexual harassment cases. See id. at 1997 ("[W]e conclude that it would 'frustrate the purposes' of Title IX to permit a damages recovery against a school district for a teacher's sexual harassment of a student based on principles of respondeat superior . . . ."); see also Smith v. Metropolitan Sch. Dist. Perry Township, 128 F.3d 1014, 1027 (7th Cir. 1997) (rejecting agency standard of institutional liability in Title IX cases), cert. denied, 66 U.S.L.W. 3814, 3815 (U.S. June 26, 1998) (No. 97-1541). After rejecting the agency theory of institutional liability, the Court held that a school district is liable under Title IX for sexual harassment perpetrated by a teacher only when an official of the district has actual notice of the misconduct. See Gebser, 118 S. Ct. at 1999-2000. An educational institution's liability is predicated on its "deliberate indifference" to notice of misconduct in an institutional program. Gebser, 118 S. Ct. at 1999.

Under the holding in Gebser, plaintiffs may proceed on a claim under Title IX if they have sufficiently alleged that: (1) they were subjected to *quid pro quo* sexual harassment or subjected to a sexually hostile environment; (2) they brought the situation to the attention of an official at the educational institution receiving Title IX funds who had the "authority to take corrective action" to remedy the harassment; and (3) that the institution's response to the harassment amounted to

-6-

"deliberate indifference." Gebser, 118 S. Ct. at 1999. Plaintiffs allege that "[a]t all times pertinent hereto, Plaintiffs Angela Morse and Stacy Handley were cadets in the Reserve Officer Training Corp. (ROTC) program as students at the University of Colorado at Colorado Springs." Appellants' App. at 2. Their complaint states that "[w]hile under the direction of the University as a student at the University of Colorado at Colorado Springs, Angela Morse was participating in and completing a so-called ROTC course of study." Id. It also states that "Stacy Handley was subject to supervision and direction of representatives of the University . . . as part of the so-called ROTC course of study." Id. at 3. Although stated in a fashion that is less than ideal, the pleadings reasonably allege that the ROTC program was a program offered by (therefore presumably controlled by) the University. The pleadings claim that the fellow student who harassed Plaintiff Morse was a superior cadet in the ROTC program. See id. at 2. It is reasonable to infer that because the student was a superior cadet he exercised some measure of authority over Plaintiff Morse. Plaintiffs also allege that the sexually hostile environment created by the fellow student was exacerbated and perpetuated by the acts of an ROTC instructor. We may reasonably infer from the complaint that the allegedly offending ROTC Colonel was acting in his capacity as an instructor in the University's ROTC program. Plaintiffs assert that they were denied opportunities within the ROTC program because they reported incidents of sexual

harassment by ROTC participants. The pleadings explicitly allege that Plaintiffs reported "acts of sexual harassment and gender bias . . . to representatives of the University of Colorado at Colorado Springs . . . without any remedial action taken by the University in response to the complaints." Id. at 3, 4.

In context and read as a whole, Plaintiffs' pleadings state a Title IX claim. The conclusion that the University is liable for the acts of two ROTC members is reasonably inferred from the pleadings in part because the complaint properly names the University, a Title IX recipient, as the party liable for Plaintiffs' harm. See, e.g., Floyd v. Waiters, 133 F.3d 786, 789 (11th Cir. 1998), petition for cert. filed (U.S. Apr. 20, 1998) (No. 97-8906). Construing the complaint in favor of Plaintiffs, see Seamons, 84 F.3d at 1231-32, the pleadings allege that the ROTC program is a University-sanctioned program and that a fellow student acting with authority bestowed by that program and an ROTC officer responsible for administering that program committed acts forbidden by Title IX. Plaintiffs allege that they reported the harassment to a University dean and to the University Affirmative Action Officer, either or both of whom presumably would have the "authority to address the alleged discrimination and to institute corrective measures on the [University's] behalf." Gebser, 118 S. Ct. at 1999. The complaint may reasonably be read to assert that the University failed to exercise any authority that it possessed over actors within the ROTC "course of study" by

-8-

not taking "any remedial action" in response to notice of alleged sexual harassment within a University program.[1]  Appellants' App. at 2-4.

We reasonably infer from the pleadings that Plaintiffs contend that the University is liable to them for the harm they have suffered as a result of the sexual harassment and hostile environment created by a fellow student and an

---

[1] The district court believed that any allegation that ROTC members were subject to the University's control "would likely be inaccurate."  Appellants' App. at 139.  In support of this statement, the district court cites McHugh v. University of Vermont, 758 F. Supp. 945 (D. Vt. 1991), aff'd, 966 F.2d 67 (2d Cir. 1992). McHugh implies that a university does not have control over the administration of its ROTC program.  See id. at 949.  However, broadly contradictory authority is found in Zentgraf v. Texas A. & M. University, 492 F. Supp. 265 (S.D. Tex. 1980).  In Zentgraf, the court addressed the defendants' motions to dismiss a gender-based discrimination action against a university and individuals in their official capacities.  The plaintiffs were denied opportunities in the ROTC because of their gender.  One of the issues raised in Zentgraf was whether an ROTC official who was also a colonel in the United States Army was an indispensable party to the litigation.  See id. at 273.  The court held that the ROTC officer was not an indispensable party to the litigation because the university was at least partially responsible for the administration of the ROTC program:

> Federal regulations affecting ROTC programs clearly establish that
> the Commandant of an ROTC unit is responsible to the authorities of
> the host institution for conducting the program in accordance with
> institutional rules, regulations and customs.  32 C.F.R. §
> 562.4(e). . . .  [T]he head of the institution exercises the same control
> over the department of military science as he does over the other
> departments of the institution.  32 C.F.R. § 562.5.

Id. (internal citation omitted).  To reach the conclusion that the principles articulated in Zentgraf do not apply to the University's ROTC program, we would have to examine the structural composition of the University's ROTC program, a factual inquiry not appropriate at this stage of the proceedings.

ROTC instructor because the University knew of harassment in a University program and did not respond adequately. We hold that these pleadings are sufficient to state a Title IX claim against the University under the illuminating Supreme Court opinion in <u>Gebser</u>. <u>See</u> 118 S. Ct. at 1999. Therefore, the dismissal of Plaintiffs' Title IX claim pursuant to Federal Rule of Civil Procedure 12(b)(6) was erroneous, and the case must be remanded for further proceedings on that claim consistent with this opinion. We have reviewed Plaintiffs' section 1983, section 1985, and state breach of policy claims and conclude that they were properly dismissed.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.