**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1998**

**PATRICK FISHER**
**Clerk**

UNITED  STATES  COURT  OF  APPEALS

TENTH  CIRCUIT

---

X, a minor, by his next friend, Y,

   Plaintiff - Appellant,

v.

FREMONT COUNTY SCHOOL
DISTRICT NO. 25 and STEVEN
CAMPBELL, in his individual and
official capacities,

   Defendant - Appellees.

No. 96-8065
(D.C. No. 95-CV-99)
(District of Wyoming)

---

ORDER AND JUDGMENT   *

---

Before **BRISCOE** , **McWILLIAMS**  and **LUCERO** , Circuit Judges.

---

   X, a minor, appeals from the district court's ruling on summary judgment

that the defendant school district is not liable under Title IX of the Education

Amendments of 1972, §§ 901-909, as amended, for sexual assaults allegedly

committed by X's elementary school teacher.  Title IX provides: "No person in

the United States shall, on the basis of sex, be excluded from participation in, be

---

  *  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Sexual harassment of a student by a teacher constitutes discrimination of the kind barred by § 1681(a). See Franklin v. Gwinnett County Public Sch., 503 U.S. 60, 74-75 (1992). There is no dispute in this case that appellee School District was in receipt of federal funds during the relevant time period, and was therefore subject to the dictates of Title IX.

When X was twelve years old, he brought suit in district court against a former teacher and the Fremont County School District, alleging that the teacher had sexually assaulted him at school some two years previously. The district court granted summary judgment for the school district as to all claims, and for the teacher as to certain claims. The present appeal addresses only the claim against the school district brought by X under Title IX. [1]

We review the grant of summary judgment de novo, applying the same legal standard as the district court under Fed. R. Civ. Pro. 56(c). See James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir. 1994); see also Fed. R. Civ. P. 56(c) (summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of

_____

[1] We note that a separate criminal action against the teacher has resulted in his acquittal of all charges brought.

-2-

law"). "When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (quoting Wolf v. Prudential Ins. Co. of America, 50 F.3d 793, 796 (10th Cir. 1995)).

X makes numerous factual allegations in his brief in opposition to the school district's motion for summary judgment. Not all of these allegations have evidentiary support of the kind required by Rule 56. [2] Drawing inferences in favor of appellant, the record is sufficient to support allegations that X's fifth grade science teacher sexually assaulted him in his classroom on several occasions during 1990 and 1991. The record contains no indication that anyone employed by the school district knew of these alleged incidents at the time, nor that it knew of any other alleged incidents involving the same teacher.

---

[2] Rule 56 requires the nonmoving party to go beyond the pleadings and by her "affidavits, . . . depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c) & 56(e). It is not clear whether X's failure results from the failure to support such allegations below, or because such support has been omitted from the record before us. On appeal, the evidentiary record in support of appellant appears to be limited to X's affidavit; extracts from the testimony of Dale Adams, a police officer, at the teacher's criminal trial; extracts from Volume II of a deposition given by X; and various admissions by appellee of testimony offered by X during the criminal proceedings. There may be further support, but in the absence of essential references to the record in a party's brief, we will not "sift through" the record to find support for the claimant's arguments. SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992).

# I

Appellee argues we are without jurisdiction to hear this appeal. Under Fed. R. Civ. P. 54(b), an order entering summary judgment for only one of several defendants cannot be appealed unless certified as a final judgment by the district court. To be so certified, the district court's action "must be a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." Armijo v. Atchison, Topeka & Santa Fe Ry. Co., 19 F.3d 547, 552 (10th Cir. 1994) (quoting Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980)). Moreover, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Appellee argues that the district court's Rule 54(b) certification in this case is facially inadequate and was erroneously issued.

We conclude jurisdiction lies in this case. The entry of summary judgment disposes of X's Title IX claims against the school district in their entirety. As a final judgment within the meaning of Armijo, it is therefore appropriate for Rule 54(b) certification. See Armijo, 19 F.3d at 552.

Moreover, no error is manifest on the face of the certification order. The district court made an "express determination that there [was] no reason for delay," and entered a judgment as set forth in Fed. R. Civ. P. 54(b). See United Bank of Pueblo v. Hartford Accident & Indem. Co., 529 F.2d 490, 492 (10th Cir. 1976). We review that determination for an abuse of discretion. See id. The present appeal determines whether the question of appellee's liability requires the resolution of certain factual issues. If so, these can be decided in the same civil proceedings that resolve appellant's complaint against the teacher, reducing the potential for piecemeal litigation. See Gas-A-Car, Inc. v. American Petrofina, Inc., 484 F.2d 1102, 1105 (10th Cir. 1973) (Rule 54(b) motion may be granted where failure to do so "would necessitate a piecemeal approach at the trial level"). We note that, consistent with this reasoning, the district court has stayed those proceedings pending the outcome of the present appeal. In sum, the district court committed no legal error or abuse of its discretion in issuing a Rule 54(b) certification in this case.

## II

The question before us is whether a school district may be held liable for sexual harassment absent actual notice of the offending conduct. In light of the Supreme Court's recent decision in Gebser v. Lago Vista Independent School Dist., __ U.S. __, 118 S. Ct. 1989 (1998), we are compelled to hold that it may

-5-

not. Thus we need not reach the issue of whether X's allegations can support a theory of quid pro quo or hostile environment sexual harassment.

The district court held that X failed to establish a basis for institutional Title IX liability under Title VII's standards. Since the district court's ruling, however, the Supreme Court has ruled that Title VII's employer liability principles do not apply in the Title IX context. See Gebser, 118 S.Ct. at 1995-96. "Gebser clearly rejects the theories of vicarious liability and agency liability as bases for institutional liability in Title IX teacher-student sexual harassment cases." Morse v. Regents of the Univ. of Colorado, 1998 WL 480102, at *2 (10th Cir. Aug. 17, 1998). "[A] school district is liable under Title IX for sexual harassment perpetrated by a teacher only when an official of the district has actual notice of the misconduct. An educational institution's liability is predicated on its 'deliberate indifference' to notice of misconduct in an institutional program." Id. (quoting Gebser, 118 S.Ct. at 1999).

Under this standard, X's claim before us must fail. He argues on appeal that institutional liability should arise based either on "absolute strict liability" or agency principles derived, albeit with some modification, from Title VII jurisprudence. See Appellant's Br. at 7-8. Gebser squarely precludes such claims. Though X's original complaint and opposition to summary judgment before the district court did contend that the school district failed to respond

adequately once informed of the teacher's alleged actions, <u>see, e.g.</u>, Appellant's App. at 6, 51, these contentions are not reiterated to us. We therefore express no opinion as to whether they would be sufficient to substantiate deliberate indifference on the part of the school district, and thereby establish institutional liability.

On the basis of the evidence and arguments before us, X's claims for hostile educational environment and quid pro quo sexual harassment may not lie under Title IX.

**AFFIRMED** .

ENTERED FOR THE COURT

Per Curiam

No. 96-8065,  *X v. Fremont County*

**LUCERO** , Circuit Judge, concurring:

I agree.  I add these additional words to note my concern that the        actual notice standard makes insufficient allowance for X's extreme youth.  Because Title IX contains no express private right of action, the       Gebser  Court sought to "shape a sensible remedial scheme that best comports with the statute."          Gebser , 118 S. Ct. at 1996.  To that end, the Court identified the "two principal objectives" of Title IX: "'to avoid the use of federal resources to support discriminatory practices' and 'to provide individual citizens effective protection against those practices.'"     Id. at 1997 (quoting   Cannon v. University of Chicago    , 441 U.S. 677, 704 (1979)).

It is difficult to see how conditioning institutional liability under Title IX on a ten-year old child's reporting sexual abuse by his teacher serves either of these goals.  Very young children, with little experiential basis to make a judgment as to what constitutes appropriate or inappropriate behavior, and taught from an early age to respect their teachers as role models, are neither likely nor well-equipped to report acts of harassment by those same parties.  That is particularly so when—as is alleged in this case—a harassing teacher exploits his or her authority as a teacher to effect the harassment.  In such circumstances, a very young student may have little sense that the offensive conduct is abnormal or

in any way inappropriate, or that there is anyone to whom he or she can turn to report it.

It seems likely, then, that one result of Gebser, contrary to its expressed intent, will be to limit protection of very young students against teacher harassment, and, by the same token, perpetuate the use of federal resources to support such harassment. In effect, an actual notice standard interprets Congressional silence to provide better protection against harassment to older students than to their younger counterparts. I am doubtful Congress intended such a result.