**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 27 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

DENNIS RAY ROEMER,

    Plaintiff-Appellant,

v.

SAM A. CROW, District Judge,

    Defendant,

and

SECURITY BANCSHARES INC., Duane K.
Ramsey, Resident Agent and CEO Farmers State
Bank, Security State Bank; EDWARD E. BOUKER,
Ellis County District Court; JOHN SHIRLEY;
CHARLES E. WORDEN, District Judge, Norton
County District Court,

    Defendants-Appellants.

No. 98-3170
(D. Kan.)
(D.Ct. No. 98-CV-4016)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR**, **BRORBY**, and **BRISCOE**, Circuit Judges.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Roemer is a pro se litigant who commenced suit against a federal district judge, a bank holding company and an employee, two state district judges and a private attorney. The district court dismissed the complaint against the three judges based on absolute immunity and dismissed the amended complaint against the remaining two defendants for failure to state a claim. We affirm the actions of the district court.

It is difficult to follow the allegations contained in Mr. Roemer's complaint. It appears the complaint stems from two civil cases – the first being a foreclosure action filed in state court, and the second a civil action filed by Mr. Roemer in federal district court. The allegations against the judges included such acts as the state judge "did violate Plaintiff's Constitutional Right to Due Process," and the federal judge "did violate FRCP 38(a), which resulted in a violation of Plaintiff's Constitutional Right to a trial by jury." As a separate cause, Mr. Roemer alleged the three judges and the attorney "are guilty of

violating their Oath, and violating Plaintiff's GOD Given, and Constitutional Rights." Insofar as the bank is concerned, Mr. Roemer alleged the bank holding company owned a bank wherein "during the month of June 1995, asset values are juggled around by loan officer" and "additional assets are offered .... These are refused .... [I]n a meeting it is learned that (the Bank) is interested in land owned by another party for collateral."

The district court, in two separate orders, dismissed the complaint. In the first Memorandum and Order, the district court took five pages to carefully explain the doctrine of absolute judicial immunity in dismissing the complaint against the judges. In the second, the district court, with explanation, opined why the complaint failed to state a claim against the remaining defendants and granted Mr. Roemer fifteen days within which "to state facts which would support a viable cause of action in this court."

Mr. Roemer then filed an amended complaint which failed to cure the defects. For instance, a cause of action was set forth against the three judges alleging all "are guilty of Perjury of Oath and Constitutional Tort for violating Plaintiff's GOD Given, and Constitutional Rights." Insofar as the bank holding company is concerned, Mr. Roemer made essentially the same allegations.

The district court dismissed the amended complaint, concisely pointing to the previous dismissal of the three defendant judges and stating no factual allegations support a claim of a constitutional or federal law violation by the remaining defendants.

Mr. Roemer appeals these decisions. He argues he "filed a Complaint as required ..., and an Amended Complaint according to the directive of the Court, and was still denied Due Process," including his Seventh Amendment right to a jury.

We review the grant of a motion to dismiss *de novo*. *Morse v. Regents of the University of Colo.*, 154 F.3d 1124, 1126 (10th Cir. 1998). While Mr. Roemer's *pro se* pleading must be construed liberally, dismissal for failure to state a claim is proper when it is clear beyond doubt that the complaint cannot be read to state a valid claim. *See Shaffer v. Saffle*, 148 F.3d 1180, 1181 (10th Cir.), *petition for cert. filed* (U.S. Sep. 14, 1998) (No. 98-6059). On review of his complaints, it is clear Mr. Roemer has no understanding of the requirements necessary to state a claim upon which relief can be granted. Mr. Roemer's allegations and argument on appeal lack merit and warrant little discussion. Moreover, because Mr. Roemer fails to specifically allege actions sufficient to

show the federal district and state judges acted outside their judicial capacity or in absence of jurisdiction, they are entitled to absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

We need not address Mr. Roemer's Seventh Amendment issue since a jury trial is not required when the parties are entitled to judgment as a matter of law. *See Christensen v. Ward*, 916 F.2d 1462, 1466 (10th Cir.), *cert. denied*, 498 U.S. 999 (1990). Suffice it to say, this court has reviewed the complaint, the amended complaint and the district court's orders and finds no error.

The judgment and decisions of the district court are **AFFIRMED** for substantially the same reasons set forth therein. A copy of the three primary district court orders are attached hereto.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

Attachments not available electronically.