**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

S. MOLI NGATUVAI,

      Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE; NANCY L. SMITH;
CHARLES B. WEBSTER, JR.; STATE
OF HAWAII, HONOLULU CITY AND
COUNTY PARK AND RECREATION
DEPARTMENT; ASHFORD AND
WRISTON; ROSEMARY T. FAZIO;
AND TERESA J. A. QUON;

      Defendants-Appellees.

No. 98-4073
(D.C. 97-CV-105)
(District of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

      S. Moli Ngatuvai, proceeding pro se, appeals the district court's orders dismissing

his complaint. We conclude that the district court acted properly and affirm its decision.[1]

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this

Mr. Ngatuvai filed his complaint in the District of Utah in February 1997. His complaint names as defendants the United States Department of Agriculture and officials within that department, the State of Hawaii, the Honolulu City and County Park and Recreation Department, Ashford and Wriston (a law firm), and two attorneys who worked there, Rosemary T. Fazio and Teresa J. A. Quon.

Although Mr. Ngatuvai's complaint is somewhat difficult to follow, he appears to object to the processing of a $50,000 farm loan that he obtained pursuant to the Agricultural Credit Act of 1987, 12 U.S.C. §§ 2001 et seq., in order to make lease payments on a farm in Hawaii. He alleges that after Zion Securities Corporation, the owner of the farm, terminated the lease and evicted him, the Farmers Home Administration refused to allow him to use the loan to finance a farm in Utah and failed to assist him in obtaining employment. With regard to the state of Hawaii, he asserts that its Koolaupoko court acted improperly in adjudicating the eviction proceedings against him because the Zion Securities Corporation was affiliated with the Mormon church. He adds that the state improperly failed to lease land to him to assist him in paying the Farmers Home Administration loan. According to Mr. Ngatuvai, the Ashford and Wriston law firm, Ms. Fazio, and Ms. Quon also acted improperly in representing the farm owner in the eviction proceedings. Finally, he asserts that the City and County of

appeal. Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

2

Honolulu Park and Recreation Department took coconuts from the farm that he had leased and refused to give him tax credits for them.

Mr. Ngatuvai alleges that these actions violated his First Amendment rights under the free exercise and establishment clauses, his Sixth Amendment right to counsel, and his Fourteenth Amendment rights to due process and equal protection. He further asserts that the defendants violated the constitutional provisions regarding the separation of powers. He seeks to recover compensatory damages.

The defendants filed motions to dismiss Mr. Ngatuvai's complaint. The Department of Agriculture argued that the court lacked jurisdiction over it because Mr. Ngatuvai had failed to establish that the United States had waived its sovereign immunity. It maintained that courts have concluded that farm loan borrowers do not have a constitutional right to farm loan servicing and that federal statutes do not create a private right of action to challenge the servicing of farm loans. See Rec. doc. 15, at 4 (arguing that "as a matter of law the allegations in the Complaint against the [Farmers Home Administration] are, by Congressional mandate, within the exclusive jurisdiction of the administrative decision makers"). The Department of Agriculture also argued that Mr. Ngatuvai's complaint failed to provide it with adequate notice of the allegations and therefore failed to comply with Fed. R. Civ. P. 8.

Similarly, the Ashford and Wriston firm, Ms. Fazio, and Ms. Quon moved to dismiss the complaint for failure to state a claim upon which relief could be granted.

These defendants argued that an attorney cannot be held liable for representing a client in good faith and that they had no obligation under the Sixth Amendment to provide Mr. Ngatuvai with counsel in eviction proceedings.

The Honolulu City and County Park and Recreation Department also filed a motion to dismiss the complaint for failure to state a claim. It argued that Mr. Ngatuvai had failed to sufficiently allege that the refusal to grant tax credits for the removal of coconuts deprived him of a property interest protected by the Due Process Clause of the Fourteenth Amendment.

Finally, the State of Hawaii moved to dismiss the complaint on the grounds that it was entitled to Eleventh Amendment immunity. The state also argued that it was entitled to absolute immunity because the challenged acts arose out of the performance of judicial functions.

After Mr. Ngatuvai failed to file timely responses, the district court granted each of these motions. It dismissed without prejudice the claims against the Department of Agriculture, Ashford and Winston, Ms. Fazio, Ms. Quon, and the Honolulu City and County Park and Recreation Department. It dismissed the claims against the State of Hawaii with prejudice. In each of its dismissal orders, the court stated that it had granted the motions on the grounds argued by the defendants in their supporting memoranda.

We review de novo the district court's grant of the defendants' motions to dismiss. Morse v. Regents of the University of Colorado, 154 F.3d 1124, 1126 (10th Cir. 1998).

4

Having considered the arguments set forth in the defendants' memoranda in support of their motions, we conclude that these arguments are supported by the record and the applicable law.  The district court acted properly in dismissing the complaint.

Accordingly, the decision of the district court dismissing Mr. Ngatuvai's complaint is AFFIRMED.

Entered for the Court,

Robert H. Henry
Circuit Judge