**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 5 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ADAM POOLE,

      Plaintiff-Appellant,

v.

COUNTY OF OTERO; JOHNNY
LEE, Sheriff; TOM SKIPWORTH,
Deputy,

      Defendants-Appellees.

No. 00-2215

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-99-741-LH)

---

Submitted on the briefs:

Michael W. Lilley and Kyle W. Gesswein, Lilley Law Office, Las Cruces,
New Mexico, for Plaintiff-Appellant.

Leonard J. Piazza, Sandenaw, Carrillo & Piazza, P.C., Las Cruces, New Mexico,
for Defendants-Appellees.

---

Before **SEYMOUR** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

---

**McKAY** , Circuit Judge.

Adam Poole appeals from the district court's ruling dismissing his civil rights complaint pursuant to Fed. R. App. P. 12(b)(6) for failure to state a claim. We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291, and we review the district court's dismissal de novo.[1] *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126 (10th Cir. 1998). "Dismissal under Rule 12(b)(6) is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice," *id.* at 1127, and "is inappropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

At the time of the district court's disposition of this case, Mr. Poole had requested leave to amend his complaint. Although the district court apparently based its dismissal on review of the sufficiency of his original complaint, *see* Aplt. App. at 155, it also concluded that the proposed amended complaint likewise failed to state a claim and that, therefore, allowing amendment would be futile. *Id.* We agree with Mr. Poole that the relevant inquiry on appeal is whether his proposed amended complaint states a claim for relief. *See* Appellant's Br. at

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

8. Accordingly, our review is limited to the allegations in his unfiled amended complaint, [2] accepting the factual allegations as true and resolving all reasonable inferences in his favor. *Morse*, 154 F.3d at 1126-27.

On July 4, 1997, individual defendants, other Otero County officers, and Alamogordo police officers pursued Mr. Poole while he was speeding on a motorcycle through Alamogordo, New Mexico into the desert, ultimately resulting in serious injuries to Mr. Poole. The next day, officers and employees of both the Alamogordo Police Department and the Otero County Sheriff's Department

---

[2] Defendants contend on appeal that this court may consider facts outside of the complaint because "[a]ppellees converted their motion to dismiss, with respect to their qualified immunity analysis, into a motion governed by the summary judgment standard." Appellees' Br. at 1. Defendants attached an affidavit to their motion to dismiss which they argue is admissible evidence at this stage. *See id.* at 6, 17-18. We reject this argument. The district court has the discretion to decide whether to convert a motion to dismiss into one for summary judgment. *See Lybrook v. Members of the Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1341 (10th Cir. 2000) (rejecting argument that court abused its discretion in failing to convert a Rule 12(b)(6) motion into a summary judgment motion where the parties attached materials beyond the pleadings to their motions). Further, in its summary written order following the hearing, the district court expressly stated that it did not consider the affidavit attached to defendants' motion to dismiss. *See* Aplt. App. at 156. Although defendants correctly note that this court can affirm the district court's ruling on alternate grounds "for which there is a record sufficient to permit conclusions of law," *United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994), we will not do so here, where 1) the district court declined to consider materials outside the pleadings; 2) Mr. Poole objected to any conversion to a summary judgment motion because discovery had been stayed as a result of defendants' qualified immunity defense, *see* Aplt. App. at 195; and 3) defendants urge us to rely on factual evidence not properly before the district court on a motion to dismiss pursuant to Rule 12(b)(6).

investigated the scene where the injuries took place, and Alamogordo police officers took statements from witnesses. That same day, an Alamogordo police officer issued Mr. Poole a traffic ticket for careless driving. Almost three weeks later, Mr. Poole's counsel wrote letters to defendant Otero County, defendant Sheriff Lee, and the district attorney, requesting that they preserve all evidence of the incident. Within one week of that time, the district attorney's office withdrew the careless driving charge and, four days later, filed a complaint charging Mr. Poole with six criminal counts of reckless driving and resisting and evading arrest.

Mr. Poole's complaint, seeking damages under 42 U.S.C. § 1983 and attorney's fees under 42 U.S.C. § 1988, asserted 1) various claims under the Fourth and Fourteenth Amendments for recklessness and deliberate indifference to his rights, including claims of failure to implement appropriate procedures, failure to train and supervise, excessive force, seizure, and violation of substantive due process; 2) claims under the First Amendment for retaliatory, vindictive, and selective prosecution in violation of his right of access to the courts, and 3) various state-based tort claims grounded in allegations of negligence, recklessness, failure to train and supervise, and respondeat superior. Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). After briefing, the district court held a hearing on the motion during which the court ruled from

the bench, rejecting Mr. Poole's constitutional claims and declining to exercise pendent jurisdiction over his remaining state claims. *See* Aplt. App. at 196-99. On appeal, Mr. Poole has limited his arguments to his First Amendment claims and his pendent state claims. We conclude that he has waived all other issues. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

Mr. Poole alleged that defendants selectively prosecuted him, noting that James Sullivan, the other motorcyclist who had been speeding through Alamogordo with him, was not charged. *See* Aplt. App. at 143. The district court ruled that Mr. Poole had failed to allege an adequate factual basis to establish a claim of selective prosecution. *See id.* at 198. We agree.

> In order to prevail on a claim of selective prosecution, a defendant must show that he has been singled out for prosecution while others similarly situated generally have not been proceeded against for the type of conduct forming the basis of the charge against him. In addition, the defendant must prove that the government's selection of him for prosecution was invidious or in bad faith and was based on impermissible considerations such as . . . the desire to prevent the exercise of constitutional rights.

*United States v. Furman*, 31 F.3d 1034, 1037 (10th Cir. 1994) (quotations omitted) (alteration in original). [3] Although Mr. Poole alleged that both he and

---

[3] Defendants argue that Mr. Poole failed to preserve his selective prosecution claim, a claim based on equal protection under the Fourteenth Amendment, because he contended at oral argument during the district court hearing that he was proceeding solely on a First Amendment basis and because his list of issues raised on appeal does not reference equal protection. We disagree that Mr. Poole

(continued...)

Sullivan had been speeding through Alamogordo before he left the city limits and went into the desert, it is clear from the complaint that his conduct in town did not form the sole, or even primary, basis for his prosecution. Mr. Poole alleged that he and Sullivan split up and he continued into the desert, where he was pursued at length by defendant s Lee and Skipworth and other Otero County officers. *See* Aplt. App. at 137-38. Although Mr. Poole alleges Sullivan admitted to a police officer that he had raced through Alamogordo, *see id.* at 141, there is no allegation that Sullivan continued out into the desert or attempted to evade law enforcement officers . Therefore, Mr. Poole's allegations, even when taken as true for Rule 12(b)(6) purposes, do not demonstrate that he and Sullivan were similarly situated. [4] We affirm the district court's dismissal of Mr. Poole's selective prosecution claim.

---

[3](...continued)
failed to preserve this issue. Where, as here, a selective prosecution claim is based on allegations of retaliation for the threatened exercise of the right of access to the courts, it is a claim "'closely intertwined with First Amendment interests.'" *Gehl Group v. Koby* , 63 F.3d 1528, 1538 (10th Cir. 1995) (quoting *Police Dep't of the City of Chicago v. Mosley* , 408 U.S. 92, 94-95 (1972)). We conclude that the factual and legal basis of Mr. Poole's selective prosecution claim was clear from both his complaint and oral argument during the hearing and therefore preserved for appellate review.

[4]     While it is alleged that Mr. Poole did receive a careless driving ticket from the Alamogordo police and Sullivan did not, Mr. Poole did not sue the Alamogordo Police Department. Further, that charge was dropped and therefore cannot form the basis of his selective prosecution claim.

We understand Mr. Poole's remaining claim to be one for retaliatory and vindictive prosecution in violation of his First Amendment right of access to the courts. [5] He has alleged that defendant s Lee and Skipworth caused criminal charges to be brought against him in retaliation for the anticipated exercise of his First Amendment right to bring a civil rights lawsuit against them. During the hearing on defendants' motion to dismiss, the district judge questioned Mr. Poole's counsel on two points, whether 1) the letters from counsel to defendant s Lee and Otero County requesting that they preserve evidence were sufficient to trigger Mr. Poole's First Amendment right of access to the courts, and 2) Mr. Poole could show that the decision to prosecute him on the six

---

[5] A claim for vindictive prosecution ordinarily arises when, during the course of criminal proceedings, a defendant exercises constitutional or statutory rights and the government seeks to punish him therefor by instituting additional or more severe charges, *see, e.g., United States v. Wall*, 37 F.3d 1443, 1448 (10th Cir. 1994). In this context, such a claim is governed by a two-part test, *see United States v. Lampley*, 127 F.3d 1231, 1245 (10th Cir. 1997). Nonetheless, we recognize that this court has not limited the term to the criminal prosecution setting, but has characterized First Amendment claims similar to Mr. Poole's as "vindictive prosecution." *See Wolford v. Lasater*, 78 F.3d 484, 488 (10th Cir. 1996) (comparing a First Amendment claim to a "vindictive prosecution action"); *Gehl Group*, 63 F.3d at 1534 (stating that a First Amendment claim alleging retaliatory prosecution "is essentially one of vindictive prosecution"); *United States v. P.H.E., Inc.*, 965 F.2d 848, 853 (10th Cir. 1992) (discussing vindictive prosecution claim in terms of prosecution motivated by "the improper purpose of interfering with the defendant 's constitutionally protected speech"); *cf. Phelps v. Hamilton*, 59 F.3d 1058, 1065 n.12 (10th Cir. 1995) (stating that prosecution brought for the purpose of hindering an exercise of constitutional rights may constitute "harassing and/or bad faith prosecution").

criminal charges actually hindered his access to the courts. *See* Aplt. App. at 176-83. In his oral ruling, the judge concluded that Mr. Poole had failed to state a First Amendment claim in this context because he had not alleged facts that, if proven, would demonstrate actual injury. *See id.* at 197.

Mr. Poole asserts that facing criminal charges was injury caused by the alleged retaliatory prosecution and also contends that defending himself against the charges "undoubtedly ma[d]e it more difficult for [him] to pursue and prevail on his civil claim." Appellant's Br. at 14. He argues that "in cases where retaliation is alleged, as here, the actual injury results from the retaliation." *Id.* at 15.[6] We agree with Mr. Poole that, in the retaliatory context, he has alleged injury sufficient to withstand a motion to dismiss.

"Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001) (quotations omitted). We recognize that a trivial or de minimis injury will not support a retaliatory prosecution claim. *See id.* at 493; *Bloch v. Ribar*, 156 F.3d 673, 679 (6th Cir. 1998). This court has suggested that the alleged injury should be one that "would chill a person of ordinary firmness from

---

[6] The Third Circuit has held that the retaliation itself, so long as it is not speculative or simply subjective, may be a sufficient allegation of "specific present harm." *See Anderson v. Davila*, 125 F.3d 148, 160 (3d Cir. 1997).

continuing to engage in that activity." *Worrell v. Henry*, 219 F.3d 1197, 1213 (10th Cir. 2000) (quotation omitted). Therefore, the injury need not actually have deterred Mr. Poole from filing this lawsuit. *Cf. Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) ("[A] retaliation claim may assert an injury no more tangible than a chilling effect of First Amendment rights."); *Bloch*, 156 F.3d at 679 (noting that injuries such as emotional distress are compensable under § 1983). Taking the factual allegations in Mr. Poole's complaint as true, we conclude that facing criminal charges that were brought in order to hinder or prevent him from filing a civil lawsuit against defendant s is injury sufficient to chill a person of ordinary firmness. Therefore, we remand this case to the district court for further proceedings on this claim.

The district court relied on *Penrod v. Zavaras*, 94 F.3d 1399 (10th Cir. 1996) (per curiam), and *Miracle ex rel. Miracle v. Spooner*, 978 F. Supp. 1161 (N.D. Ga. 1997), to conclude that Mr. Poole must allege an actual injury resulting from the alleged retaliation. These cases do not compel the dismissal of Mr. Poole's First Amendment claim. In *Penrod*, this court stated that the "actual injury" the prisoner plaintiff had to show was that the challenged official action--restrictions of his library privileges-- hindered his efforts to pursue a non-frivolous legal claim, and that theoretical injuries would not suffice. 94 F.3d at 1403. We rejected the plaintiff 's allegations of injury because they had no

causal connection to his claim that restrictions of his library privileges affected his access to the courts. *See id.* Here, in contrast, Mr. Poole alleges that defendants retaliated against him for his anticipated exercise of First Amendment rights. *See Wolford*, 78 F.3d at 488 ("Generally speaking, government action which chills constitutionally protected speech or expression contravenes the First Amendment."). Further, *Penrod* deals with access to courts in the prison setting, a context in which courts have traditionally required a greater showing of injury. *See Dawes*, 239 F.3d at 491. As the Second Circuit has noted, the objective inquiry into the level of injury required "is not static across contexts, but rather must be tailored to the different circumstances in which retaliation claims arise. Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before a[ retaliatory] action taken against them is considered adverse." *Id.* at 493 (quotations omitted) (alteration in original). In *Miracle*, the district court concluded that an alleged conspiracy resulting in a discovery delay did not state a claim for violation of the plaintiff 's right of access to courts. 978 F. Supp. at 1171. Here, the injury asserted is greater than a mere delay in discovery.

Defendants contend that facing criminal charges is not injury because Mr. Poole's conduct warranted the charges. However, this court has stated that "[a]n act taken in retaliation for the exercise of a constitutionally protected right

is actionable under § 1983 even if the act, when taken for a different reason, would have been proper." *DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir. 1990) (quotation omitted). The propriety of charging Mr. Poole in light of his conduct during the pursuit is not relevant to his First Amendment claim. We also reject defendants' argument that there can be no reasonable inference of retaliatory intent from Mr. Poole's allegations because he had not been charged for any criminal conduct outside of Alamogordo at the time that his counsel intimated the filing of a lawsuit. Mr. Poole does not rely solely on the withdrawal of the traffic ticket as evidence of retaliatory intent, but also on the timing of the charges one month after the incident but only shortly after his attorney contacted defendant s Lee and Otero County to request preservation of the evidence. Timing can be circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989).

The fact that Mr Poole had not yet filed his civil lawsuit at the time of the alleged retaliation provides no basis to dismiss his First Amendment claim. The right of access to courts applies to activities leading up to the formal filing of a complaint. *See Anderson*, 125 F.3d at 162 (holding right of access implicated by retaliatory surveillance in response to administrative complaint and written notice of intent to file a claim). Additionally, First Amendment rights of association and free speech extend to the right to retain and consult with an

-11-

attorney. *DeLoach*, 922 F.2d at 620. We conclude that Mr. Poole has alleged facts which indicate that the individual defendants were aware he was seriously considering filing a civil lawsuit against them and has made further allegations which, taken as true, demonstrate retaliation for the contemplated exercise of his First Amendment rights.

Finally, defendants argue that because the letter from Mr. Poole's counsel did not reference a potential suit, it was a neutral activity and therefore insufficient to alert defendant s to the possibility of civil suit. Appellees' Br. at 12. This argument fails to recognize the standards applicable to review of a complaint on a Rule 12(b)(6) motion which require that we accept all well-pleaded facts as true and resolve all reasonable inferences in Mr. Poole's favor. Additionally, "proof of an official's retaliatory intent rarely will be supported by direct evidence of such intent." *Bloch*, 156 F.3d at 682. We conclude that Mr Poole has clearly alleged retaliatory motive and has alleged facts which could support a retaliatory prosecution claim.

Because the district court dismissed Mr. Poole's First Amendment claim under Rule 12(b)(6), it did not consider the individual defendants ' qualified immunity defense, and, therefore, neither do we. Similarly, although the parties include extensive argument in their appellate briefs about Mr. Poole's state-based tort claims, the district court did not address these claims, but simply declined to

exercise pendent jurisdiction because it concluded there was no cognizable federal claim. On remand, the district court will need to consider these matters along with Mr. Poole's motion for leave to amend his original complaint. [7]

The judgment of the United States District Court for the District of New Mexico is REVERSED, and this case is REMANDED for further proceedings consistent with this order.

---

[7]    We also decline to address defendants' contention that this lawsuit is frivolous and therefore does not invoke constitutional protection.    *See* Appellees' Br. at 17. We have clearly indicated our conclusion that Mr. Poole has stated a First Amendment claim for retaliatory prosecution.