**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERIC ALLEN ZARSKA,

  Plaintiff-Appellant,

v.

DONALD R. HIGGINS, COII/SST, in
his official and private capacity,

  Defendant-Appellee.

No. 05-3204
(D.C. No. 04-CV-3319-CM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY, McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant Eric Allen Zarska, an inmate at the El Dorado Correctional Facility (EDCF) in Kansas, appeals the dismissal of his pro se 42 U.S.C. § 1983 civil rights complaint. Mr. Zarska alleged that Defendant-Appellee Donald R. Higgins, a sergeant at EDCF, violated his First Amendment right to freedom of speech by filing a disciplinary charge in retaliation for an affidavit Mr. Zarska gave supporting another prisoner's grievance.

The district court dismissed Mr. Zarska's complaint for failure to exhaust his administrative remedies in accordance with 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act (PLRA). In a footnote, the court stated that it "likely would have dismissed plaintiff's claims on the merits had it further considered the matter." R., Doc. 37 at 4 n.1.

In a motion for reconsideration, Mr. Zarska argued that the exhibits attached to his complaint demonstrated that he had exhausted his administrative remedies. The district court denied the motion, stating that it "remain[ed] unconvinced [Mr. Zarska] in fact exhausted his administrative remedies," *id.*, Doc. 46 at 2, and expounding upon its alternate determination that dismissal was also proper on the merits. Mr. Zarska appeals the court's orders dismissing his complaint and denying his motion for reconsideration. Exercising our jurisdiction under 28 U.S.C. § 1291, we reverse.

<u>Background</u>

-2-

Mr. Zarska's factual allegations are straightforward; for purposes of our legal analysis we accept them as true and construe them in the light most favorable to him. *Yousef v. Reno*, 254 F.3d 1214, 1219 (10th Cir. 2001). While on his way to the prison library, Mr. Zarska witnessed Sergeant Higgins threatening and intimidating another inmate and he later provided an affidavit regarding the incident to that inmate. Shortly after Sergeant Higgins received a copy of Mr. Zarska's affidavit, he filed a disciplinary report charging Mr. Zarska with "unauthorized presence" for having "no authorization to be out of his cell house at the time [Mr. Zarska] witnessed [Sergeant Higgins] threatening and intimidating [the] inmate." R., Doc. 1 at 3. Mr. Zarska's cell was searched in connection with the disciplinary report despite the fact that it had been previously searched that same morning. According to Mr. Zarska, the officers conducting the search "ransack[ed] [his] living quarters." *Id.* at 5.

The day after the disciplinary report was filed, Mr. Zarska asked Sergeant Higgins to withdraw the charge because he had permission to be out of his cell house at the time in question. Sergeant Higgins refused, stating: "he now realized that [Mr. Zarska] had a pass to be out of his cell house, but that [Mr. Zarska] should not have been looking at what [Sergeant Higgins] was doing." *Id.* at 4.

The day after speaking to Sergeant Higgins, Mr. Zarska filed a grievance alleging that the disciplinary report was filed in retaliation for his affidavit. The response he received at all levels was that the grievance procedure could not be used as a substitute for disciplinary proceedings. A disciplinary hearing was held and the charge against Mr. Zarska was dismissed.

Exhaustion Of Administrative Remedies

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[Section] 1997e(a) imposes a pleading requirement on the prisoner" that may not be waived and "a complaint that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003) (quotation omitted). "We review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

In dismissing the complaint on exhaustion grounds, the district court found that "it is clear from plaintiff's complaint and the *Martinez* report that plaintiff

never filed a grievance complaining of the alleged retaliation."[1] R., Doc. 37 at 4. On the contrary, Mr. Zarska alleged exhaustion in his complaint and attached as exhibits copies of grievances and appeals alleging retaliation. In its denial of Mr. Zarska's motion for reconsideration, the court acknowledged that he had, in fact, filed a grievance alleging retaliation, but did not expound upon its exhaustion ruling, stating only: "[t]he court remains unconvinced that plaintiff in fact exhausted his administrative remedies with respect to the claims alleged in his Complaint." *Id.*, Doc. 46 at 2.

Here, the prison relied on Kansas Administrative Regulations § 44-15-101a(d)(2) in refusing to address Mr. Zarska's grievances. Both the initial administrative response and the second-level response from the warden referenced this regulation, which reads in part: "The grievance procedure shall not be used in any way as a substitute for, or as a part of, the inmate disciplinary procedure . . . ." Kan. Admin. Regs. § 44-15-101a(d)(2). The third-level response from the designee of the Secretary of Corrections simply incorporated the previous responses. Regulation 44-15-101a(d)(2) further states that if the grievance process "was conducted improperly, the grievance may challenge the manner in

---

[1] "A *Martinez* report is a judicially authorized investigative report prepared by prison officials to help the court determine if a pro se prisoner's allegations have any factual or legal basis." *Simkins v. Bruce*, 406 F.3d 1239, 1240 n.2 (10th Cir. 2005) (internal quotation marks omitted).

which the decision was made;" however, "[g]rievances of this type shall be made only after the decision process is completed unless the inmate would incur irreparable harm if delayed until the end of the process." *Id.*

We have held "that the PLRA . . . contains a procedural default concept within its exhaustion requirement." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004). Consequently, Mr. Zarska's grievances would be insufficient to exhaust his administrative remedies if they were properly denied for failure to follow the above grievance procedures. *See Jernigan*, 304 F.3d at 1032-33 (holding that inmate that the doctrine of substantial compliance does not apply and the inmate must cure procedural deficiencies). Because of the brevity of the responses to Mr. Zarska's grievance and appeals, however, it is unclear whether the correction officials interpreted the grievance as a premature attack on the grievance procedure, or if they considered the issue to be not grievable.

Either way, the district court erred in finding that Mr. Zarska failed to exhaust his administrative remedies. Mr. Zarska's grievance expressly alleged retaliation and did not challenge the disciplinary procedure or the manner in which the disciplinary decision was made.[2] Consequently, Mr. Zarska exhausted

---

[2]     An allegation of retaliation by the filing of a disciplinary charge does not necessarily require an attack on the disciplinary charge itself. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (holding retaliation is improper "even where the action taken in retaliation would be otherwise permissible").

his administrative remedies and the district court erred in dismissing his complaint on exhaustion grounds.

<u>Failure To State A Claim Upon Which Relief May Be Granted</u>

We next examine whether Mr. Zarska's complaint failed to state a claim upon which relief may be granted.

> A complaint should not be dismissed [for failure to state a claim upon which relief may be granted] under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Yousef*, 254 F.3d at 1219 (internal quotation marks omitted).

Mr. Zarska alleged that his First Amendment right to freedom of speech was violated when Sergeant Higgins filed his disciplinary report and failed to withdraw it once he knew the true facts. "We have held that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Peterson*, 149 F.3d at 1144 (internal quotation marks and alteration omitted). "Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights." *Poole v. County of Otero*, 271 F.3d 955, 960 (10th Cir. 2001) (internal quotation marks omitted). But "[a]n inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Peterson*, 149 F.3d at 1144 (internal quotation marks omitted) (emphasis in original).

Sergeant Higgins argued that the complaint should be dismissed for failure to state a claim because "even were it true that [he] acted in retaliation, the prison system corrected the problem by dismissing the disciplinary report." R., Doc. 20 at 3. The district court agreed, citing *Love v. Scrivner*, 2004 WL 2029328 (D. Kan. Sept. 3, 2004) (unpublished). In *Love*, a prison librarian threatened to fire prisoners working in the library if they continued to complain about library procedures. When one of the prisoners filed a grievance alleging retaliation and violation of his right to free speech, the librarian was informed that her actions were inappropriate and she apologized to the inmate for making the threatening statements. The inmate was unsatisfied and filed a lawsuit for damages. The district court dismissed the complaint finding that the grievance system had remedied the alleged violation and that a person of ordinary firmness would not have been chilled by the comment which had been promptly withdrawn and apologized for.

Relying on *Love*, the district court held that Mr. Zarska's First Amendment rights were neither subjectively nor objectively chilled because (1) he filed a grievance against Sergeant Higgins, and (2) a person of ordinary firmness would not have been chilled by Sergeant Higgins' actions. The court also found that, like the inmate in *Love*, Mr. Zarska "was given immediate relief once his complaint was heard through the proper procedural channels." R., Doc. 46 at 4.

The court "note[d] that, had the disciplinary hearing perpetuated the error and punished [Mr. Zarska] for being where he was authorized to be, a different result might be justified. But the purpose of the disciplinary proceeding is to correct such potential errors." *Id.*

We disagree that Mr. Zarska obtained relief through the disciplinary proceedings. Mr. Zarska alleged that Sergeant Higgins filed his disciplinary complaint in retaliation for the affidavit and refused to withdraw the complaint even though he knew it was baseless. The prison refused to act on Mr. Zarska's grievance and the disciplinary hearing did not address Mr. Zarska's retaliation claim. The dismissal did not remedy Sergeant Higgins' actions–it simply prevented the harm to Mr. Zarska caused by those actions from being greater than it already was.

Further, we hold that Sergeant Higgins' alleged filing of disciplinary proceedings to retaliate for a report of misconduct "would chill a person of ordinary firmness from continuing to engage in that activity."[3] *Poole*, 271 F.3d at 960 (internal quotation marks omitted). Considering the level of control that

---

[3]    It is irrelevant that Mr. Zarska subsequently filed his grievance against Sergeant Higgins. As noted above, the proper inquiry is whether Sergeant Higgins' actions would "*chill* a person of ordinary firmness from continuing to engage in that activity," *Poole*, 271 F.3d at 960, not whether Mr. Zarska specifically was prevented from filing any further affidavits or grievances. *Cf id.* (holding that reckless driving charges lodged against a motorcyclist need not have actually deterred the motorcyclist from suing the arresting officers).

prison officials have over inmates' lives, retaliation is not to be taken lightly. Sergeant Higgins' alleged pursuit of a baseless disciplinary charge should not be ignored simply because the charge was later dismissed at the disciplinary hearing. There is, after all, no guarantee that a baseless charge will always be dismissed. But even if the disciplinary charge had not been baseless, there is an implicit threat in the filing of a valid charge for retaliatory reasons that would chill further action. Pursuing disciplinary proceedings against a prisoner as punishment for a prisoner's exercise of his or her constitutionally protected rights, is not allowed.

## Conclusion

Therefore, we conclude that the district court erred in dismissing Mr. Zarska's complaint for failure to exhaust his administrative remedies and for failure to state a claim upon which relief may be granted. We therefore REVERSE the court's orders dismissing Mr. Zarska's complaint and denying his motion for reconsideration and REMAND the case to the district court for further proceedings consistent with this Order and Judgment.

Entered for the Court

Monroe G. McKay
Circuit Judge

-10-