FILED
United States Court of Appeals
Tenth Circuit

May 22, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MIKE C. MATSON,

      Plaintiff - Appellant,

v.

JOEL HRABE, Deputy Warden,
Norton Correctional Facility, in his
individual and official capacity,

      Defendant - Appellee.

No. 14-3110
(D.C. No. 5:11-CV-03192-RDR-KGS)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BACHARACH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

Mike C. Matson, proceeding pro se, appeals from the district court's judgment

in favor of defendant Joel Hrabe in his suit under 42 U.S.C. § 1983. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## *Background*

Mr. Matson is incarcerated in the Kansas prison system. Mr. Hrabe was a deputy warden at a facility where Mr. Matson was held. According to the amended complaint, Mr. Hrabe delayed Mr. Matson's filing of a state court action by withholding materials that were supposed to be returned to Mr. Matson. After Mr. Matson filed a grievance, Mr. Hrabe ordered his cell to be searched and his property inventoried. Mr. Matson filed another grievance and was subjected to more cell searches and property audits. Having filed yet another grievance, he was transferred, at Mr. Hrabe's direction, to another unit with less favorable conditions.

Mr. Matson alleged that these actions violated his rights to access the courts and to be free from retaliation for exercising his First Amendment rights. The district court dismissed the access claim on the ground that Mr. Matson did not show actual injury; he was able to file his suit, just twenty-one days later than he otherwise would have. The district court further granted summary judgment to Mr. Hrabe on the retaliation claims. With regard to the cell searches and property inventories, it held that Mr. Matson had failed to produce evidence that such actions would chill a person of ordinary firmness from exercising his First Amendment rights. With regard to the cell transfer, it held that the only evidence of retaliatory motive was temporal proximity, which was insufficient to create a genuine issue of material fact as to motive and causation. It also held that Mr. Matson could not demonstrate that the differences in cell conditions were so great that they would chill a person of ordinary

firmness from exercising his First Amendment rights. And it determined that

Mr. Matson had failed to demonstrate that the law in this area was clearly established

when the actions occurred. Mr. Matson appeals.

*Analysis*

Mr. Matson's opening brief contains eleven numbered points. For ease of

disposition, we group some of the arguments and address others individually.

Because Mr. Matson represents himself on appeal, we liberally construe his

filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir.

2005). "[A]lthough we make some allowances for the pro se plaintiff's failure to cite

proper legal authority, his confusion of various legal theories, . . . or his unfamiliarity

with pleading requirements, the court cannot take on the responsibility of serving as

the litigant's attorney in constructing arguments and searching the record." *Id.*

(brackets, citation, and internal quotation marks omitted).[1]

---

[1]  Even employing liberal construction, the following points are waived due to inadequate briefing: the portion of the first point that challenges the grant of summary judgment on the cell-search claim, which failed to address the grounds of the district court's ruling, *see Nixon v. City & Cnty. of Denver*, __ F.3d __, No. 14-1165, 2015 WL 1935251, at *3 (10th Cir. Apr. 30, 2015); the second point, which was undeveloped, *see FDIC v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013); and the fifth and sixth points, which recited procedural history but failed to make any argument for reversal, *see Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1031 (10th Cir. 2007). Further, the second, fifth, and sixth points address discovery issues, which do not concern the ground on which we affirm the grant of summary judgment (that the law was not clearly established). Therefore, even if they were adequately briefed, we would not need to consider them.

**1.    Dismissal of Access-To-The-Courts Claim**

A portion of the first argument challenges the dismissal of the access claim. Mr. Matson concedes that the district court correctly applied precedent requiring him to show actual injury, but he challenges that requirement, arguing that it "strip[s] away the Constitutional protections from inmates." Opening Br. at 9. We cannot reconsider the case law, however, because the requirement of actual injury has been adopted by the Supreme Court, *see Lewis v. Casey*, 518 U.S. 343, 349-55 (1996), whose decisions we are bound to follow.

**2.    Sanctions for Certificate of Service**

Mr. Matson's fourth point asserts that the district court erred in denying his motion for Fed. R. Civ. P. 11 sanctions for the certificate of service filed with regard to Mr. Hrabe's responses to requests for admissions. "[A]n appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination. A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). Identifying no abuse of discretion, we affirm for substantially the reasons stated in the court's orders filed on October 11, 2013, and December 2, 2013.

**3.    Amendment of Complaint**

In his seventh point, Mr. Matson challenges the district court's denial of his motion to file a second amended complaint. The district court cited undue delay and

futility as grounds for denying amendment. We review a determination of undue delay for abuse of discretion, but a determination of futility de novo. *See Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010).

The district court determined that Mr. Matson offered no adequate explanation or justification why he could not have raised his new claims in his amended complaint. "We have held that denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Id.* at 1313 (internal quotation marks omitted). On appeal, Mr. Matson does not argue that the district court erred in concluding he offered no adequate explanation, and he does not show where he offered any explanation. Under the circumstances, the denial was not an abuse of discretion. *See Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006).

**4.      Magistrate Judge's Recusal**

Mr. Matson's ninth point challenges the magistrate judge's denial of his motion for recusal under 28 U.S.C. § 455. He complains about certain rulings, and he states that the magistrate judge's brother is friends with Mr. Hrabe. We review the denial of recusal for abuse of discretion. *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645 (10th Cir. 2003). "[U]nder that standard, we will uphold a district court's decision unless it is an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Id.* (internal quotation marks omitted).

We see no abuse of discretion. As the magistrate judge concluded, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, the allegations about the magistrate judge's brother were grounded in speculation and suspicion, which are insufficient to require disqualification. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see also Bryce v. Episcopal Church in Diocese of Colo.*, 289 F.3d 648, 659-60 (10th Cir. 2002) ("The recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice.").

**5.     Summary Judgment**

Finally, Mr. Matson's eleventh point challenges the grant of summary judgment to Mr. Hrabe on the cell-transfer claim. We review the grant of summary judgment de novo. *See Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006).

The district court held that Mr. Hrabe was entitled to qualified immunity because Mr. Matson failed to show a violation of a constitutional right that was clearly established at the time of action. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (discussing two-prong qualified-immunity test). Because we affirm on the

"clearly established" prong, we need not consider whether Mr. Matson sufficiently established a constitutional violation.[2]  *See id*. at 236.

"To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate."  *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012) (brackets, citation, and internal quotation marks omitted).  To proceed with a claim of retaliation, a plaintiff must show, among other elements, that the action taken against him "would chill a person of ordinary firmness from continuing to engage in that activity."  *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (internal quotation marks omitted).

In this circuit, on one end of a continuum, it is well-established that a transfer to another prison, particularly a prison with a higher security level, or a transfer to segregation may be considered sufficiently chilling to establish a retaliation claim. *See id.* (transfer to out-of-state supermax prison); *Fogle v. Pierson*, 435 F.3d 1252, 1263-64 (10th Cir. 2006) (transfer to long-term administrative segregation at another prison); *Penrod v. Zavaras*, 94 F.3d 1399, 1404-05 (10th Cir. 1996) (per curiam) (administrative segregation, coupled with deprivation of necessities and seizure of legal work); *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990) (transfer to

---

[2]    Mr. Matson's third, eighth, and tenth points address discovery and evidentiary issues.  Because these issues do not concern the ground on which we affirm (that the law was not clearly established), we need not consider them.

another prison).  On the other end, it is also well-established that actions that are trivial or de minimis are not sufficiently chilling to establish a retaliation claim. *See Poole v. Cnty. of Otero*, 271 F.3d 955, 960 (10th Cir. 2001), *abrogated on other grounds by Hartman v. Moore*, 547 U.S. 250, 255-56 (2006).  But that leaves a grey area in the middle of the continuum.  The circumstances of this case, involving a transfer between general-population units that have more than trivial differences in living conditions, but that do not rise to the level of placement in segregation or involve a transfer to another prison, fall into that grey area.  We are not aware of any binding case law predating the transfer that would put every reasonable officer on notice that such a transfer would be considered sufficiently chilling to establish a constitutional violation.

Mr. Matson contends that there is a clearly established right not to be subjected to retaliation for filing grievances and that he "was not required to go on a scavenger hunt for exactly identical retaliatory tactics."  Opening Br. at 15.  But the Supreme Court has instructed us "that the right allegedly violated must be established, not as a broad general proposition, but in a particularized sense so that the contours of the right are clear to a reasonable official."  *Reichle*, 132 S. Ct. at 2094 (citation and internal quotation marks omitted).  In *Reichle*, therefore, the Court held that "the right in question is not the general right to be free from retaliation for one's speech, but the more specific right to be free from a retaliatory arrest that is otherwise supported by probable cause."  *Id.*  Similarly, the right in this case is not

the right to be free from retaliation for filing grievances, but the more specific right to be free from a retaliatory transfer to another general-population unit in the same prison that has less favorable living conditions. And Mr. Matson has failed to show that right was clearly established at the time of the transfer.[3]

### *Conclusion*

Mr. Matson's second motion for appointment of counsel on appeal is denied. The judgment of the district court is affirmed.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[3]     In 1996 in *Penrod*, this court denied qualified immunity on a retaliation claim because "the jurisprudence prohibiting retaliatory acts against prisoners for reporting grievances is well-established." 94 F.3d at 1405. Given the intervening Supreme Court directive in *Reichle* that we must look to see if "the more specific right" is clearly established, 132 S. Ct. at 2094, however, we conclude that *Penrod* does not require reversing the grant of summary judgment in this case.